## COMMONWEALTH *v.* JAMES STEGALA.

**Criminal Law—Indictment.**

> An indictment should not be dismissed on motion because of the failure of the clerk to sign his name to the endorsement on its back to the effect that it was filed in open court, where the record shows that the indictment was returned into court, was ordered filed, and prior to the dismissal the prosecution was once continued.

### APPEAL FROM FULTON CIRCUIT COURT.

#### January 6, 1880.

OPINION BY JUDGE HINES:

The motion to dismiss the indictment in this case appears to have been sustained upon the ground that the name of the clerk was not signed to the indorsement on the back of the indictment to the effect that it was filed in open court. The code (sec. 121) requires that the indictment must be presented by the foreman, in the presence of the grand jury, and filed with the clerk; but it does not require that the only evidence of these facts shall be the signature of the clerk to the indorsement on the indictment. The record shows that the indictment was returned into court as required by Sec. 121, and was ordered to be filed, and that prior to the dismissal the prosecution was once continued. The order of the court to file the indictment is equivalent to filing, and is, in fact, a filing, of the indictment; and the signature of the clerk of the indorsement on the back of the indictment is intended to serve no other purpose than to identify the paper returned by the grand jury, which in this instance is sufficiently done by the indorsement of the foreman, to which reference is made in the order of the court.

Judgment *reversed.*

*P. W. Hardin, for appellant.*